# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission )<br>Baltimore Field Office )<br>    31 Hopkins Plaza, Suite 1432 )<br>    Baltimore, MD 21201 )<br>)<br>)<br>    Plaintiff, )<br>)<br>                v. )<br>)<br>Didlake, Inc. )<br>    8621 Breeden Ave )<br>    Manassas, VA 20110 )<br>)<br>    Defendant. ) | Civil Action No. 8:23-cv-2618 |

## **CONSENT DECREE**

Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC"), filed this action against Didlake, Inc. ("Didlake" or "Defendant") alleging violations of Sections 102(a), 102(b)(5)(A), and 503(a) of the Americans with Disabilities Act of 1990, as amended ("the ADA"), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and 12203(a). The Commission alleged that Defendant discriminated against Charging Party Meazu Gobena ("Gobena") and similarly aggrieved qualified individuals with disabilities by maintaining inflexible leave and fitness-for-duty policies, resulting in denial of accommodations and loss of employment. The Commission also alleged that Defendant violated the ADA by failing to provide reasonable accommodations to Charging Parties Winsome Powell ("Powell") and Yenenesh Abebe ("Abebe"), and similarly aggrieved deaf and hard-of-hearing maintenance and janitorial workers.

-1-

The Commission and Defendant (collectively "the Parties") desire to resolve this action without the time and expense of continued litigation, and to formulate a plan, to be embodied in this Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of the ADA. The terms of the Decree are the product of joint negotiation and are not to be construed as having been authored by one party. The Decree does not constitute an adjudication on the merits of the Commission's case.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED, AND DECREED:**

1. This Decree resolves all claims alleged in the Commission's Complaint, which emanated from the Charges of Discrimination filed by Gobena, Powell, and Abebe.

2. This Decree shall be in effect for a period of five (5) years from the date it is entered by the Court.

**NON-DISCRIMINATION**

3. Defendant and its officers, directors, agents, employees, successors, and assigns are hereby enjoined from violating the ADA and will not discriminate against qualified individuals on the basis of disability, including by:

    A. Failing to provide reasonable accommodations, including medical leave and access to American Sign Language ("ASL") interpreters, to qualified individuals with disabilities absent undue hardship;

    B. Terminating or denying a reasonable request for job-protected medical leave, whether paid or unpaid, to qualified individuals with disabilities who do not qualify

for leave under the Family and Medical Leave Act (FMLA) or whose request for leave exceeds the amount allowed by the FMLA, absent undue hardship; and/or

    C. Conditioning the return from medical leave or inactive status on the submission of fitness-for-duty certification without medical restrictions and a corresponding need for reasonable accommodations.

4. Defendant shall not retaliate against any employee who has engaged in protected activities under the ADA, or coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by the ADA.

## **POLICIES AND DISSEMINATION**

5. Within ten (10) business days from the date of entry of the Decree, Defendant shall ensure that all policies related to medical leaves of absence, including but not limited to, Defendant's Procedure 1503 – FAMILY MEDICAL LEAVE ACT (FMLA), are modified to include the following:

    A. An explanation of employee rights and company policies with regard to medical leave requests that distinguish the rights and obligations under the ADA as separate and distinct from the FMLA;

    B. A statement that unpaid medical leave may be available as a reasonable accommodation to employees regardless of whether the employee is eligible for leave under the FMLA; and

    C. A statement that any employee, regardless of whether they are FMLA-eligible, may make a reasonable accommodation request for unpaid medical leave in accordance with Defendant's Policy #3400 – DISABILITY ACCOMMODATION AND

ACCESSIBILITY and Defendant's Procedure #3401 – REASONABLE ACCOMMODATIONS.

6. Within fifteen (15) business days of the dissemination of the modified policies referenced in Paragraph 5, Defendant shall email to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, copies of the modified policies required by paragraph 5, and a declaration from a responsible official of Defendant authenticating them and verifying that they have been disseminated to all employees.

7. Within thirty (30) business days from the date of entry of the Decree, Defendant shall develop, implement, and distribute a supplemental reasonable accommodation policy to all employees in writing and through an American Sign Language video that can be accessed by all employees via an online portal. The supplemental reasonable accommodation policy will include the following:

A. A "frequently asked questions" guide;

B. A description of the process for requesting reasonable accommodations;

C. The name, title, and contact information of the Human Resources staff member responsible for the administration of Defendant's reasonable accommodation policies and procedures;

D. A description of the policy modifications required in Paragraph 5;

E. As regarding communication accommodations for deaf and hard-of-hearing employees:

    a. A provision that upon notice that an applicant, new-hire, or employee has a hearing impairment that substantially limits their ability to hear, speak, or communicate (or has some other open and obvious communication-based

impairment that would indicate that the individual is deaf or hearing impaired), Defendant will engage the individual in an interactive process to determine whether the individual needs reasonable accommodations for purposes such as to participate in the application process, perform the essential functions of the position held or sought, or enjoy equal benefits or privileges of employment (including actively participating in work-related meetings and trainings, and being able to receive and understand work-related information and communications in a manner that is equal to that enjoyed by hearing employees), and that Defendant will document the interactive process and Defendant's accommodation decision and provide that documentation to the employee;

b. A provision that, when the interactive process reveals the need for an ASL interpreter as an accommodation, Defendant will provide in-person, professionally trained and qualified sign language interpreters, including but not limited to ASL interpreters, for staff meetings in which substantive information such as work instructions, safety/health briefings and/or terms and conditions of employment such as pay and employee benefits are discussed as well as for training and related tests or assessments;

c. A provision that, when the interactive process reveals the need for this accommodation, Defendant will provide professionally trained and qualified sign language interpreters, including but not limited to ASL interpreters, either in-person or through Video Remote Interpreting ("VRI"), for one-on-one employee meetings with supervisors and/or human

resources, including, but not limited to disciplinary meetings and performance reviews;

    d. A provision that Defendant will maintain a contract with a provider or vendor of VRI services throughout the duration of this decree and ensure adequate connectivity in facilities in which VRI is used;

    e. A provision that Defendant will provide effective, communication-based accommodations on a consistent, continuing, and recurring basis, and without the need for ongoing requests; and

    f. The identification of a point of contact at Defendant's Corporate Office to whom deaf and hard-of-hearing employees can report if their accommodations are not consistently occurring or are ineffective, and who will engage in further interactive processes with such employees to address their accommodation issues and to ensure that effective accommodations are provided.

F. Defendant will disseminate the supplemental policy to all new employees within five (5) days of their hire.

8. Within fifteen (15) days of the dissemination of the supplemental reasonable accommodation policy referenced in Paragraph 7, Defendant shall email to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, a copy of the supplemental reasonable accommodation policy (both the written and video form), and a declaration from a responsible official of Defendant authenticating them and verifying that they have been disseminated to all employees.

## TRAINING

9. Within sixty (60) days from the date of entry of the Decree, Defendant shall provide no less than two (2) hours of training for all of Defendant's human resources or management personnel, or any other representatives designated by Defendant to receive, assess, grant, or deny reasonable accommodation requests ("Management/HR Personnel"). The training shall be provided by an attorney, human resources professional, or similar professional with expertise in ADA compliance and may be virtual or in-person. The training will include the following: (1) an explanation of the ADA with an emphasis on reasonable accommodation and the interactive process; (2) employees' rights under the ADA; (3) Defendant's duty not to discriminate against qualified individuals based on their disabilities or their need for reasonable accommodation; (4) Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities, including providing medical leave; (5) an explanation of Defendant's updated policies and procedures as described in Paragraph 5; (6) an explanation of Defendant's supplemental reasonable accommodations policy for deaf and hard-of-hearing employees; (7) Management/HR Personnel's role in ensuring that employees who need reasonable accommodations receive such accommodations; and (8) the steps Management/HR Personnel are expected to take to ensure Defendant's compliance with the ADA. Defendant shall also provide this training to all new Site Managers, Corporate Management, and HR Personnel within thirty (30) days of their hire, promotion, or transfer to such role.

10. Defendant shall provide an annual refresher training to its Management/HR Personnel on the topics listed in Paragraph 9.

11. Within ten (10) days of the training required under Paragraph 9, Defendant shall email certification to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, that the training required in Paragraph 9 was provided.

12. In conjunction with the updates of the new policies listed herein, within sixty (60) days from the date of entry of the Decree, Defendant shall provide all employees with access to a virtual training presented by a human resources professional, or similar professional with expertise in ADA compliance to all employees not covered by Paragraph 9 above. The training will include: (1) an explanation of applicants' and employees' rights under the ADA with an emphasis on Defendant's duty to provide reasonable accommodations to employees absent undue hardship; (2) Defendant's duty not to retaliate against applicants or employees for engaging in protected activity, such as requesting and/or receiving a reasonable accommodation; and (3) an explanation of Defendant's reasonable accommodation policies and procedures, including an explanation of how and to whom to request a reasonable accommodation with Defendant. Defendant shall record this training and provide it to all new employees within ten (10) days of their hire.

13. For all training provided in Paragraphs 9 and 12, Defendant shall provide translation services by a professional ASL interpreter and Certified Deaf Interpreter ("CDI"). Defendant shall record the translated trainings and make the translated version available to all new employees within ten (10) days of their hire.

## **POSTING**

14. Within ten (10) business days after entry of the Decree, Defendant shall post, online and on-site in all locations where notices to employees customarily are posted at all contract operations sites, the Notice attached hereto as Exhibit A and made a part hereof. Such Notice shall be posted and maintained for the life of the Decree with the date of actual posting shown thereon.

Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) business days of completion of the required posting, Defendant shall forward to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, a copy of the signed Notice attached hereto, written certification that the Notice referenced herein has been posted as required, and a statement of the locations and date(s) of posting. Defendant shall provide such certification on an annual basis for the duration of the Decree, in addition to certification that Defendant has provided its annual refresher training to Management/HR Personnel.

## **MONETARY RELIEF TO CHARGING PARTIES**

15. Within thirty (30) days from the date of entry of the Decree, Defendant shall pay Meazu Gobena a total of $62,500 in monetary relief in compensatory damages under 42 U.S.C. § 1981a ("Section 1981a compensatory damages").

16. Within thirty (30) days from the date of entry of the Decree, Defendant shall pay the Estate of Winsome Powell's estate a total of $70,000 in monetary relief in Section 1981a compensatory damages.

17. Within thirty (30) days from the date of entry of the Decree, Defendant shall pay Yenenesh Abebe a total of $35,000 in monetary relief in Section 1981a compensatory damages.

18. For the Section 1981a compensatory damages paid to Gobena, Abebe, and Powell's estate, withholdings and deductions shall not apply. Defendant shall report such payments to the IRS, and to Gobena, Abebe, and Powell's Estate, via an IRS Form 1099 for the 2024 tax year. Defendant shall not be responsible or liable in any way for the reporting of this income by Gobena, Abebe, and Powell's estate to the IRS.

19. Defendant shall send checks directly to Gobena, Abebe, and Powell's Estate by certified mail or express delivery service, at addresses provided by the Commission.

20. Within three (3) days of such payment, Defendant shall email a photocopy of the checks, along with a photocopy of the certified mail receipt or other documentation of delivery, to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov.

## **CLAIMANT RELIEF**

21. For the purposes of this Decree, "FMLA claimants" are claimants who were (1) qualified individuals with a disability; (2) employed with Didlake at any time from March 3, 2015, to September 26, 2023; (3) requested and/or took medical leave associated with their disability; (4) did not qualify for and/or exceeded leave under the FMLA; (5) were terminated and/or placed on inactive status; and/or (6) were unable to reapply for employment with Defendant if unable to present a fitness-for-duty certificate without restrictions.

22. For the purposes of this Decree, "deaf and hard-of-hearing claimants" are claimants who were (1) qualified individuals with a hearing impairment that substantially limited their ability to hear, speak, or communicate; (2) employed with Didlake in maintenance or janitorial positions at any time from March 29, 2016, to September 26, 2023; and (3) did not receive communications accommodations or such accommodations were not consistently provided for material employment-related communications, including but not limited to, safety meetings, trainings, human resources meetings, disciplinary meetings and/or write-ups, performance reviews, accommodation requests, and leave requests.

23. Collectively, the FMLA claimants and the deaf and hard-of-hearing claimants will be referred to as "the claimants."

24. Defendant shall provide $850,000 in monetary relief to the claimants. This payment shall comprise back pay, interest on back pay, and Section 1981a compensatory damages to resolve claims for the FMLA claimants, and Section 1981a compensatory damages to resolve claims for the deaf and hard-of-hearing claimants. The categories of relief will be treated and processed as follows:

   A. For back pay, Defendant shall withhold all applicable employee taxes and statutory deductions from the payments to eligible FMLA claimants. Defendant's required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay payments. Defendant shall report the back pay payments and applicable withholdings to the IRS and the eligible FMLA claimants via an IRS Form W-2 for the 2025 tax year. The Commission will provide Defendant with an updated IRS Form W-4 for each eligible FMLA claimant.

   B. For interest and 1981a compensatory damages, withholdings and deductions shall not apply. Defendant shall report such payments to the IRS and the claimants via an IRS Form 1099 for the 2025 tax year.

   C. Defendant shall not be responsible or liable in any way for any claimant's reporting of any income received through this decree to the IRS.

25. Within thirty (30) days of the entry of this decree, Defendant shall email to EEOC counsel of record Sam Wallace, at sam.wallace@eeoc.gov, via secure means (encrypted or password-protected), the most recent contact information, including name, address, email, phone number, social security number, as well as the termination letter, for all employees terminated and/or placed on inactive status in accordance with Policy M-153 or Policy 1503 from April 26, 2017, to September 26, 2023.

26. Within thirty (30) days of the entry of this decree, Defendant shall email to EEOC counsel of record Sam Wallace, at sam.wallace@eeoc.gov, via secure means (encrypted or password-protected), the most recent contact information, including name, address, email, phone number, social security number, as well as any paperwork reflecting a requirement that an employee submit a fitness-for-duty certification with no restrictions, for all employees denied rehire after submission of a fitness-for-duty certification with restrictions in accordance with Policy M-153 or Policy 1503 from April 26, 2017 to September 26, 2023.

27. Within thirty (30) days of the entry of this decree Defendant shall email to EEOC counsel of record Sam Wallace, at sam.wallace@eeoc.gov, via secure means (encrypted or password-protected), the most recent contact information, including name, address, email, phone number, social security number, for all deaf and hard-of-hearing employees in maintenance and janitorial positions at all its locations employed from April 26, 2017, to September 26, 2023.

28. Within one hundred and eighty (180) days of Defendant's production of the information referenced in Paragraphs 25-27, the EEOC will make all reasonable efforts to contact all potential claimants, determine whether the potential claimant is entitled to relief, and to determine the amounts of payment for each claimant, including back pay, where applicable.

29. EEOC shall determine in its sole discretion the amount of the payments for each claimant. Didlake will not challenge the eligibility of claimants.

30. Within two-hundred and ten (210) days of Defendant's production of the information referenced in Paragraphs 25-27, the EEOC will send Defendant a notice identifying all claimants, and the amounts each will receive ("the Payment Notice"). The Payment Notice shall include a breakdown as to the amount to be paid to each claimant that is back pay, interest on back pay, and/or Section 1981a compensatory damages. In the event that the EEOC obtains an address

for any claimant that is different from that provided by Defendant pursuant to paragraphs 25-27, the EEOC will provide Defendant with that information to facilitate payment pursuant to paragraph 31.

31. Within thirty (30) days of the receipt of the Payment Notice described in Paragraph 30, Defendant will send a check or checks through a trackable means of delivery to every claimant identified in the Payment Notice for the entire amount corresponding to each claimant. Defendant will send separate checks for back-pay damages for which it will issue IRS W-2 forms and for the damages for which it will issue IRS 1099-MISC forms (interest on back pay and Section 1981a compensatory damages).

32. Within five (5) business days of sending each check required by the Payment Notice, Defendant will email to an EEOC paralegal to be identified with the Payment Notice a copy of the check and a copy of the tracking notification demonstrating successful delivery.

33. For any check that is not successfully delivered to a claimant, as demonstrated by delivery tracking, Defendant will issue a stop payment on the check, notify the EEOC of the stop payment, make reasonable efforts to obtain updated contact information for the claimant, and re-attempt delivery within thirty (30) days of receiving notice demonstrating that the first delivery was unsuccessful. In re-attempting delivery, Defendant will follow the procedure set forth in paragraphs 31-32.

34. If there are any additional funds remaining after the two attempts at distribution set forth in paragraphs 31-33, Defendant shall extinguish the entire residual balance through a directed payment to the National Association for the Deaf or similar non-profit organization benefiting the deaf or hard-of-hearing. In no event shall there be any reversion of any part of the residual balance to Defendant. At least thirty (30) days before making any residual payment, Defendant will notify

EEOC counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, of its intention to do so, of the intended recipient, and of the residual amount.

## **JURISDICTION**

35. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

    A. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree.

    B. Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance in writing. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach.

    C. Each party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such action; and

    D. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

## **REPORTING REQUIREMENTS**

36. Every four (4) months, commencing four (4) months after the entry of this Decree by the Court, Defendant shall provide written reports to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, identifying all formal complaints of denial of reasonable accommodation of medical leave and/or denial of reasonable communications-based accommodations for deaf or hard-of-hearing employees, and/or retaliation for requesting medical

leave or communications-based accommodations made in the preceding four-month period. The final written report shall be due ten (10) days prior to the expiration of this Decree.

37. Each report shall identify all persons who complained to Human Resources, their Site Manager, or any member of Didlake's Corporate Office of denial of reasonable accommodation of medical leave and/or denial of reasonable communications-based accommodations for deaf or hard-of-hearing employees, and/or retaliation for requesting medical leave or communications-based accommodations during the reporting period, any witnesses to such alleged matters, and any persons allegedly involved in the reported discriminatory employment decisions and/or conduct. Such identification shall include: the name, address, and telephone numbers for each person who complained about the conduct at issue; the name, address, and telephone numbers for each person who each complainant identified as a potential witness; the name, address, and telephone numbers for each person who Defendant contacted, interviewed, or otherwise obtained information from concerning the complaint; and the name, address, and telephone numbers for each person who was alleged to have engaged in discriminatory conduct.

38. Each report shall include a detailed description of the substance of each complaint and all actions taken in response to each complaint and shall include copies of all documents reflecting the action(s) Defendant took to investigate each complaint and copies of any statements obtained.

## **MISCELLANEOUS**

39. The Commission and the Defendant shall bear their own costs and attorneys' fees.

40. The terms of the Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries and/or affiliates of

Defendant; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, governing board members, or assigns of Defendant.

41. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    A. Defendant's applicable EIN is: 54-0943833

    B. The individual to whom the EEOC should mail copies of the form 1098-F, if the EEOC is required to issue one for Defendant, is: Joleen Okun, General Counsel, 8641 Breeden Ave., Manassas, VA 20110

    C. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    D. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    E. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    F. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

42. When this Decree requires the submission of any documents or information to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be emailed to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov.

## SIGNATURES AND ENTRY

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

| FOR PLAINTIFF<br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | FOR DEFENDANT<br>DIDLAKE, INC. |
|---|---|
| /s/ Debra M. Lawrence<br>DEBRA M. LAWRENCE<br>Regional Attorney<br><br>/s/ Maria L. Morocco<br>MARIA L. MOROCCO<br>Assistant Regional Attorney<br>Attorney for Plaintiff<br>U.S. Equal Employment Opportunity Commission<br>Washington Field Office<br>131 M Street, N.E., Fourth Floor<br>Washington, D.C. 20507<br>Phone: (202) 921-2795<br>Fax: (202) 827-2349<br>maria.morocco@eeoc.gov<br><br>/s/ R. Sam Wallace<br>R. SAM WALLACE<br>Trial Attorney<br>U.S. Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, Suite 1000<br>Philadelphia, PA 19107<br>Phone: (267) 589-9762<br>Fax: (215) 440-2848<br>sam.wallace@eeoc.gov | /s/ Denise Giraudo<br>DENISE GIRAUDO<br>Sheppard Mullin<br>2099 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Phone: (202) 747-1906<br>dgiraudo@sheppardmullin.com |

**IT IS SO ORDERED:** Signed and entered this 28th day of June, 2024.

/S/
_____
Hon. Paula Xinis
United States District Court Judge

**EXHIBIT A**



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**POSTED PURSUANT TO FEDERAL COURT ORDER**

This Notice is being posted pursuant to a federal court order voluntarily resolving a disability discrimination and retaliation lawsuit brought by the United States Equal Employment Opportunity Commission (the "Commission") against Didlake, Inc. ("Didlake") in the United States District Court for the District of Maryland. In that lawsuit, *EEOC v. Didlake, Inc.*, Case No. 8:23-cv-2618, the Commission alleged that Didlake violated the Americans with Disabilities Act of 1990, as amended (the "ADA"). 42 U.S.C. Section 12101, *et seq*.

The Commission is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the ADA. The ADA prohibits discrimination against qualified employees with disabilities. Under the ADA, employers are required to provide qualified employees with a disability a reasonable accommodation, absent undue hardship, for purposes such as permitting them to perform the essential functions of their position or to enjoy equal benefits or privileges of employment. Employers are affirmatively required to engage in an interactive process to provide reasonable accommodations to employees with a disability. Further, federal law prohibits retaliation against individuals for engaging in protected activity, which can include, for example, requesting a reasonable accommodation, filing a charge with the Commission, or otherwise assisting or participating in an employment discrimination investigation, hearing, or proceeding.

To resolve this lawsuit, Didlake and the Commission have entered into a Consent Decree which provides, among other things, that Didlake (1) will not discriminate on the basis of disability; (2) will engage in the interactive process to provide reasonable accommodations to disabled employees; (3) will train all employees concerning the federal laws prohibiting disability discrimination, reasonable accommodations, and Didlake's policies on these matters; and (4) will distribute to all employees of Didlake its policies on these matters.

If you believe that you have been discriminated against, you may contact the Commission at (800) 669-4000 or (202) 921-2970 (TTY: (800) 669-6820; ASL/Hard of Hearing Video Phone: 1-844-234-5122), or email the Washington Field Office at info@eeoc.gov. This Notice must remain posted for five years from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____     _____
                       Paul Gravely, Chief Executive Officer, Didlake, Inc.